**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 94-60862
(Summary Calendar)

---

C. THOMAS ANDERSON, Trustee for
HYGIENE CRAB COMPANY, INC.,

                                      Plaintiff-Appellant,

                 versus

ICELAND SEAFOOD CORPORATION,

                                      Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Mississippi
(1:93-CV-416)

---

January 18, 1995

Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM[*]:

    Plaintiff-Appellant Hygiene Crab Company[1] appeals from the district court's denial of its motion to reconsider the order granting summary judgment in favor of Iceland Seafood Corporation, as well as from the district court's refusal to set aside the entry

---

    [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

    [1]Hygiene's trustee in bankruptcy, C. Thomas Anderson, was substituted as the real party in interest in the spring of 1994. Nonetheless, in the interest of clarity, we refer to the plaintiff-appellant as "Hygiene."

of default judgment against Hygiene on Iceland's counterclaim. Finding no error in either of the challenged holdings, we affirm.

I.

FACTS AND PROCEEDINGS

The essentially undisputed facts, with all inferences therefrom presented in the light most favorable to Hygiene,[2] are as follows: Iceland, a large Pennsylvania corporation, became interested in developing and marketing farm-raised tilapia, a commercial fish, in the spring of 1990. After locating a farmer to raise tilapia in ponds in Mississippi, Iceland approached Hygiene, a small crab company incorporated in Mississippi, to discuss the feasibility of Hygiene's processing the tilapia for distribution.

From the beginning of their business relationship, Iceland and Hygiene discussed not only Hygiene's capacity for processing the tilapia, but also the possibility that Iceland would market Hygiene's crab products. Hygiene was, in the words of its owner, "motivated" to process the tilapia because it wanted Iceland to distribute its crabs. For its part, Iceland repeatedly expressed an interest in a crab venture. In an effort to keep Iceland interested in its crabs, Hygiene offered to set the price of tilapia processing at or near its cost. After Iceland selected

---

[2]When reviewing a grant of summary judgment, we view the facts and inferences in the light most favorable to the non-moving party. See Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 266 (5th Cir. 1995). We are similarly deferential to the position of a party against whom a default judgment has been entered. See CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 63, n.1 (5th Cir. 1992) ("Because of the seriousness of a default judgment, . . . `even a slight abuse [of discretion] may justify reversal.'") (quoting Williams v. New Orleans Pub. Serv., 728 F.2d 730, 734 (5th Cir. 1984)).

Hygiene to process the tilapia, the price charged by Hygiene for its services fluctuated and eventually exceeded the rate initially proposed; nonetheless, Iceland consistently paid the amounts charged by Hygiene.

The tilapia project was abandoned in the spring of 1992, and negotiations over possible crab dealings deteriorated at about the same time. Relations between the parties worsened further when Hygiene refused to release its inventory of Iceland's processed tilapia, contending that Iceland had wrongfully declined to pay for a shipment of deviled crab. After the failure of both the tilapia and crab ventures, HygieneSQa company which had been struggling even before it began its dealings with IcelandSQfiled for bankruptcy.

Subsequently, in August of 1993, Hygiene brought this diversity lawsuit against Iceland in federal district court, alleging breach of an oral contract and seeking damages in the alternative under theories of quantum meruit and unjust enrichment. In response Iceland filed a counterclaim against Hygiene for recovery of (1) money allegedly owed on open account, and (2) processed tilapia detained in Hygiene's warehouse. Hygiene did not respond to Iceland's counterclaim.[3]

---

[3]Another company, Southern Mississippi Planning and Development District, Inc. (SMPDD), was permitted to intervene in the suit to assert an interest in Hygiene's oral contract claim. The district court granted summary judgment against SMPDD in the same order in which it granted summary judgment against Hygiene. Rather than filing a timely notice of appeal, SMPDD filed a motion for permission to intervene in Hygiene's appeal. This court denied SMPDD's motion, and so we do not consider its claims in this opinion.

In April of 1994, Iceland filed a motion seeking a summary judgment dismissing all of Hygiene's claims. Several months later, and before the district court had ruled on its summary judgment motion, Iceland applied for an entry of default on its counterclaim against Hygiene. Again Hygiene failed to respond, so the clerk of court entered default. Later that month, the district court granted summary judgment for Iceland and dismissed Hygiene's complaint with prejudice.

At that point, still having received no response from Hygiene regarding its counterclaim, Iceland moved for the entry of judgment by default. The district court granted the motion and entered default judgment against Hygiene pursuant to Federal Rule of Civil Procedure 55(b)(2). Hygiene finally came to life, filing a motion to set aside the default judgment and another to reconsider the order granting summary judgment. The district court denied both motions, and Hygiene timely appealed.

II.

ANALYSIS

A.    THE DISTRICT COURT'S GRANT OF SUMMARY JUDGMENT[4]

   1.    Standard of Review

---

[4]Even though Hygiene technically appeals from the denial of its motion to reconsider the grant of summary judgment, its appeal may also be considered as a timely challenge to the underlying order granting summary judgment. See Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1412 n.6 (5th Cir. 1993), cert. denied, 114 S. Ct. 688 (1994); United States v. One Afghan Urial Ovis Orientalis Blanfordi Fully Mounted Sheep, 964 F.2d 474 (5th Cir. 1992). The circumstances of the instant case, and the arguments of the parties in their briefs, indicate that Hygiene is in fact appealing the underlying summary judgment order. We therefore proceed with a review of that order.

4

When reviewing a grant of summary judgment, we view the facts and inferences in the light most favorable to the non-moving party[5]; and we apply the same standards as those governing the lower court in its determination.[6]  Summary judgment must be granted if a court determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7]  If any element of the plaintiff's case lacks factual support, a defendant's motion for summary judgment should be granted.[8]

    2.   Quantum Meruit[9]

Hygiene argues that the district court erred by granting summary judgment in favor of Iceland, dismissing Hygiene's quantum meruit and unjust enrichment claims.  A claimant may recover on a quantum meruit basis for services rendered if the "`circumstances are such as to warrant an inference of an understanding by the person performing the work, that the person receiving the services

---

[5]See Cavallini, 44 F.3d at 266.

[6]See Neff v. American Dairy Queen Corp., 58 F.3d 1063, 1065 (5th Cir. 1995).

[7]FED. R. CIV. P. 56(c).

[8]See Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995).

[9]Hygiene does not contest the district court's rejection of its claim for breach of an oral contract.  Accordingly, it has abandoned that claim on appeal.  See, e.g., Friou v. Phillips Petroleum Co., 948 F.2d 972, 974 (5th Cir. 1991) (citing Villanueva v. CNA Ins. Cos., 868 F.2d 684, 687 n.5 (5th Cir. 1989); Harris v. Plastics Mfg. Co., 617 F.2d 438, 440 (5th Cir. 1980)).

intends to pay for it.'"[10]  On the other hand, a claimant is not entitled to recover in _quantum meruit_ when services have been rendered with the expectation that a future business opportunity or contract—rather than direct compensation—will be forthcoming.[11]

Hygiene seeks recovery on the grounds that it provided Iceland with near-cost processing, as well as marketing data and general support on the tilapia project, in the belief that Iceland would ultimately market Hygiene's crab products.  As Iceland never marketed the crabs, Hygiene's argument goes, Iceland should now be required to compensate Hygiene for those services.  Hygiene concedes that it provided the services "with no thought to recovery except through a long term business venture."

As discussed above, a claimant is not entitled to recovery in _quantum meruit_ when services have been rendered with the expectation of future contractual possibilities rather than the

---

[10]_Cockerham v. Kerr-McGee Chemical Corporation_, 23 F.3d 101, 106 (5th Cir. 1994) (quoting _Kalavros v. Deposit Guaranty Bank & Trust Co._, 158 So.2d 740, 744 (Miss. 1963); _see also_ _Koval v. Koval_, 576 So. 2d 134, 136-37 (Miss. 1991); _Estate of Johnson v. Adkins_, 513 So. 2d 922, 926 (Miss. 1987).

[11]_See_ _Midcoast Aviation Inc. v. General Electric Credit Corp._, 907 F.2d 732, 741 (7th Cir. 1990) ("Parties who perform services . . . with some end other than payment in mind, cannot recover _quantum meruit_. . ."); _Bloomgarden v. Coyer_, 479 F.2d 201 (D.C. Cir. 1973); _Maple Island Farm v. Bitterling_, 209 F.2d 867 (8th Cir.) ("It is elementary in the law governing _quantum meruit_ recovery for work and labor that `no recovery may be had for services performed, without thought of direct cash compensation, for business reasons' and `no recovery can be had for preliminary services that are performed with a view to obtaining business through a hoped for contract.") (citations omitted), _cert. denied_, 348 U.S. 882 (1954).

expectation of direct compensation.[12]   It is undisputed that the only direct payments anticipated by Hygiene on the tilapia project were the amounts it specifically charged Iceland for the processing of the fish; and it is equally undisputed that Iceland paid those amounts in full.   Accordingly, summary judgment was properly granted for Iceland, dismissing Hygiene's quantum meruit claim.

### 3.   Unjust Enrichment

The doctrine of unjust enrichment "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another."[13]   As is true of quantum meruit, the expectation of a future business opportunity or contract cannot form the basis of an unjust enrichment claim.[14] Accordingly, for the same reasons stated above regarding quantum meruit, summary judgment was properly granted against Hygiene on its unjust enrichment claim.

### B.   THE ENTRY OF JUDGMENT BY DEFAULT

Finally, Hygiene challenges the district court's refusal to set aside the default judgment adverse to Hygiene.   We review a

---

[12]See supra note 11 and accompanying text.

[13]Estate of Johnson, 513 So. 2d at 926 (citations omitted); see also Koval, 576 So. 2d at 136.

[14]See RESTATEMENT OF RESTITUTION § 57 (1937) ("A person who has conferred a benefit upon another, manifesting that he does not expect compensation therefor, is not entitled to restitution merely because his expectation that the other will . . . enter into a contract with him is not realized."); see also Omnibank of Mantee v. United Southern Bank, 607 So. 2d 76, 92 (Miss. 1992) (noting that the Mississippi Supreme Court has often cited the Restatement of Restitution with approval).

district court's refusal to set aside a default judgment under an abuse of discretion standard.[15]  Because of the seriousness of a default judgment, even a slight abuse of discretion may justify reversal.[16]  Our ultimate inquiry in this type appeal is whether the defendant has shown "good cause" to set aside the default.[17]  Accordingly, "when the court finds an intentional failure of responsive pleadings there need be no other finding."[18]

In the instant case, the district court found that Hygiene had actual notice of Iceland's counterclaim and that it willfully refused to reply throughout the proceedings, despite the fact that a response was demanded on at least three separate occasions:  when Iceland filed its answer containing the counterclaim; when Iceland applied for entry of default; and when Iceland moved for default judgment.  There is ample evidence in the record to support these findings, and Hygiene's arguments to the contrary are frivolous at best.  Accordingly, we hold that the district court did not abuse its discretion in refusing to set aside the default judgment.

For the foregoing reasons, the district court's denial of Hygiene's motion to reconsider the grant of summary judgment for Iceland and the court's refusal to set aside the entry of default

---

[15]See CJC Holdings, 979 F.2d at 63 (citing Federal Sav. & Loan Ins. Corp. v. Kroenke, 858 F.2d 1067, 1069 (5th Cir. 1988)).

[16]Id. at 63, n.1.

[17]See CJC Holdings, 979 F.2d at 64; see also Dierschke v. O'Cheskey, 975 F.2d 181, 183 (5th Cir. 1992).

[18]Dierschke, 975 F.2d at 184; see also CJC Holdings, 979 F.2d at 64.

judgment against Hygiene are

AFFIRMED.