**VORTT EXPLORATION COMPANY, INC., Petitioner,**

v.

**CHEVRON U.S.A., INC., Respondent.**

No. C–8462.

Supreme Court of Texas.

April 18, 1990.

Rehearing Overruled May 23, 1990.

Duncan Gault, Mineral Wells, for petitioner.

Harris E. Kerr, Midland, for respondent.

## OPINION

HIGHTOWER, Justice.

The issue presented by this case is whether the trial court's findings of fact were sufficient to allow Vortt Exploration Company, Inc. (Vortt) to recover under quantum meruit for seismic information provided by Vortt to Chevron U.S.A., Inc. (Chevron). The trial court rendered judgment in favor of Vortt. The court of appeals reversed. We reverse the judgment of the court of appeals and remand the cause to that court for the consideration of points which it did not reach.

The subject of this dispute is a 160 acre tract of land located in Young County. Both Chevron and Vortt acquired mineral rights to various portions of the tract. In 1978 Vortt contacted Chevron requesting that they enter a farm-out agreement concerning a particular portion of the tract owned by Chevron. Chevron rejected the request to enter a farm-out agreement. Soon thereafter Vortt proposed that the

two companies enter a joint operating agreement. Chevron informed Vortt that it might be interested in such an arrangement and requested that Vortt submit a proposal. Chevron and Vortt negotiated the specifics of the arrangement until 1983 without reaching an agreement. During this time, they corresponded frequently in an attempt to come to an agreement.

During the negotiations, Vortt provided Chevron with confidential seismic services, graphics, and maps in an attempt to reach a joint operating agreement. After receiving the information, Chevron drilled a producing well at the location identified in the information. Chevron then brought suit to invalidate certain leases held by Vortt. Vortt counterclaimed asserting the validity of the leases, or alternatively to recover under quantum meruit for the seismic services which were provided to Chevron. The trial court rendered judgment in favor of Vortt on its quantum meruit claim. The court of appeals reversed the trial court's judgment and rendered judgment in favor of Chevron. In rendering judgment, the court of appeals held that there was not a factual finding that Vortt furnished this information under such circumstances as to "reasonably notify Chevron that Vortt expected to be paid for the services and assistance" which were provided. Also, the court of appeals held that there was no evidence to support an implied finding of the omitted fact pursuant to Rule 299 of the Texas Rules of Civil Procedure.

■ Quantum meruit is an equitable remedy which does not arise out of a contract, but is independent of it. *Colbert v. Dallas Joint Stock Land Bank*, 129 Tex. 235, 102 S.W.2d 1031, 1034 (1937). Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished. *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex.1988). This remedy "is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Id. See Campbell v. Northwestern National Life Insurance Co.*, 573

S.W.2d 496, 498 (Tex.1978). Recovery in quantum meruit will be had when non payment for the services rendered would "result in an unjust enrichment to the party benefited by the work." *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n.r. e.). Recognizing that quantum meruit is founded on unjust enrichment, this court set out the elements of a quantum meruit claim in *Bashara v. Baptist Memorial Hospital System*, 685 S.W.2d 307, 310 (Tex.1985). To recover under quantum meruit a claimant must prove that:

1) valuable services were rendered or materials furnished;

2) for the person sought to be charged;

3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him;

4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Id.* (quoting *City of Ingleside*, 554 S.W.2d at 943).

■ Vortt argues that the findings of fact made by the trial court were sufficient to satisfy *Bashara*. We agree. The trial court made several findings of fact. Those pertinent to the court of appeals' holding are as follows:

9) Vortt provided the aforesaid services and assistance to Chevron in the belief that Chevron and Vortt would jointly develop the subject 160 acres for the production of oil and gas, and but for such belief would not have provided such services and assistance to Chevron, which were undertaken for both Chevron and Vortt.

13) Chevron was reasonably notified that Vortt in performing such services and assistance for Chevron, expected to join with Chevron in a mutually satisfactory agreement for their joint production of oil and gas from the subject 160 acres.

Findings nine and thirteen reflect, as stated by the court of appeals, that "Chevron was on notice that Vortt, in performing the services and assistance, expected to join with Chevron in a mutually satisfactory agreement for production of the well and would not have provided such services and assistance except for such belief." The court of appeals stated that this notification did not rise to the level of notification required by the fourth element in *Bashara*, i.e., that such services were rendered under circumstances that would reasonably notify Chevron that Vortt expected to be *paid* for the seismic information. *Bashara* at 310 (emphasis added).

The expected payment does not have to be monetary; it may be any form of compensation. In *Campbell* the payment which was bargained for was an option to purchase an apartment complex. 573 S.W.2d at 497. When the contract was breached, this court upheld the quantum meruit claim and awarded damages for the reasonable value of services rendered. *Id.* Accordingly, quantum meruit recovery has been allowed when the original payment sought was an interest in land, *Miller v. Graves*, 185 S.W.2d 745 (Tex.Civ.App.—Fort Worth 1945, writ ref'd), and the devise of a residence. *Scott v. Walker*, 141 Tex. 181, 170 S.W.2d 718 (Tex.Comm'n App. 1943).

Chevron knew that Vortt furnished the information with the expectation that a joint operating agreement would be reached. The parties had negotiated for over four years trying to achieve this end. At trial, Vortt's president testified that he shared the confidential seismic services, graphics, maps and other seismic information in the spirit of cooperation and that he would not have done so if he had not believed that a joint operating agreement would be reached. We hold that the trial court's findings of fact reflect that Chevron was reasonably notified that Vortt expected to be paid for the services and assistance which were rendered.

Chevron advanced several other points of error in the court of appeals. We have the option of either examining the points of error not considered by the court of appeals to determine if any of those points will support the court of appeal's judgment or, we may remand the cause to that court. *Roark v. Allen*, 633 S.W.2d 804 (Tex.1982). Because the points which were not reached include insufficient evidence points, we remand the cause to the court of appeals to consider the unaddressed points.

For the reasons stated, we reverse the judgment of the court of appeals and remand the cause to that court to consider the points of error which it did not reach.

HECHT, J., files a dissenting opinion in which PHILLIPS, C.J., and GONZALEZ, J., join.

HECHT, Justice, dissenting.

I dissent. I agree with the Court that the only issue presented to us in this quantum meruit case is whether there is any evidence that Vortt Exploration Company, Inc. gave Chevron U.S.A., Inc. seismic information under circumstances as reasonably notified Chevron that Vortt expected to be paid for the information. *See Bashara v. Baptist Memorial Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex.1985). I disagree with the Court's conclusion that there is such evidence in this record.

The pertinent evidence is essentially undisputed. Vortt tried for years to persuade Chevron to agree to develop jointly certain mineral interests, but Chevron refused to make such an agreement. At one point in the negotiations, Vortt decided to "share" seismic information with Chevron "in the spirit of cooperation", in hopes that Chevron would agree to jointly develop the mineral interests. Chevron's representatives never asked to see the information. Vortt's representative never told Chevron that Vortt expected anything in return for the information. Indeed, Vortt's representative never expected Vortt to be paid for the information, and absolutely the only

thing Vortt expected to gain by giving the information to Chevron was favorable consideration of the proposed agreement. Under these circumstances, the Court says, Chevron should reasonably have expected to pay Vortt for the information. The information cost Vortt roughly $18,000. The trial court ordered Chevron to pay Vortt $178,750 for it.

Was ever fainter hope more richly rewarded? For not refusing to look at Vortt's information, Chevron must pay ten times its cost. The Court's ruling today should be a tremendous encouragement to benefaction. A frustrated negotiator should never overlook this tactic in attempting to induce agreement. The recipient of such charity, however, should beware.

I would hold that Chevron could not reasonably have expected to pay when Vortt did not expect to be paid. Accordingly, I would affirm the judgment of the court of appeals.

PHILLIPS, C.J., and GONZALEZ, J., join in this dissenting opinion.