Combined Ind. Agencies v. Mustang Trading 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-092-CV

     COMBINED INDEPENDENT AGENCIES, INC.,
                                                                                              Appellant
     v.

     MUSTANG TRADING, INC.,
     D/B/A WEST END CAB COMPANY,
                                                                                              Appellee
 

From the 95th District Court
Dallas County, Texas
Trial Court # 92-9367-D
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Plaintiff-Appellant, Combined Independent Agencies (CIA), from a take-nothing judgment in it quantum meruit action against Defendant-Appellee, Mustang Trading d/b/a
West End Cab Company (West End).
      State and County Mutual Fire Insurance Company (State and County) issued West End a
liability insurance policy covering its fleet of taxicabs. Under the terms of the policy, West End
agreed to pay up to $1,000 deductible per accident.
      CIA is a managing general agency that writes insurance policies for State and County. CIA
also provides the claims-adjustments for accident claims against West End under State and
County's liability policy.
      In the normal course of the claims' process between CIA and West End, when one of West
End's drivers was in an accident, they would report the accident to Diversified Insurance Agency,
the insurance agent for West End. Diversified would then send the accident report to CIA.
      CIA's adjusters investigated and made an independent determination of liability. If CIA
determined West End was liable, CIA would dispose of the claim on behalf of State and County
and, through its adjusters, pay the entire amount of the claim, including the deductible under the
terms of the policy. CIA would then bill West End on a monthly basis for the deductible amounts
owed by West End. West End paid many of the bills received from CIA, but refused to pay the
deductibles in the amount of $18,831.35, which is here sued for.
      CIA had no contract with West End to pay the deductible amounts. State and County did have
a contractual relationship with West End whereby West End was to pay the $1,000 deductible per
accident to State and County.
      In a previous suit in the 68th District Court of Dallas County, State and County sued West
End for the same $18,831.35 which CIA sues West End for in this case. The 68th District Court
rendered judgment for West End, which judgment has been affirmed on appeal.
      CIA then filed this case, based on quantum meruit, against West End seeking reimbursement
of the $18,831.35 deductible amounts CIA paid in settlement of claims against West End, and
which, under the terms of its insurance policy with State and County, West End was obligated to
pay.
      Trial was before the court which rendered a take-nothing judgment against Appellant CIA. 
The trial court filed its findings and conclusions, the pertinent parts of which are summarized as
follows:
Findings of Fact
      CIA is a claims adjusting business. West End is a taxicab company. State and County issued
a liability insurance policy on West End's cabs. CIA contracted with State and County to provide
claims adjusting for its liability policy with West End. CIA resolved a number of claims under
the above policy. Services were provided by CIA for the benefit of State and County. Claims for
reimbursement derived from State and County's right to compensation for the deductible. State
and County was entitled to $1,000 per case reimbursement from West End. CIA had contact with
West End as a result of its relationship with State and County. CIA had no contract with West
End. CIA is entitled to reimbursement from State and County on whose behalf it made payments
of the deductibles. CIA performed valuable services for State and County, which accepted such
services.
Conclusions of Law
      There is a contractural relationship between State and County and CIA. There is no
contractural relationship between CIA and West End. CIA rendered valuable services for State
and County. Any right of reimbursement to which CIA is entitled is from State and County. 
Services performed by CIA to settle claims under the insurance policy between West End and State
and County were performed to satisfy CIA's obligations to State and County. All obligation of
West End to pay reimbursement is to State and County. Any claim by and through State and
County's is res judicata, and the prior lawsuit in 68th District Court of Dallas County found there
was no obligation of West End to pay State and County for any claims which were handled by
CIA.
      Appellant CIA appeals on five points of error.
      Points one and two assert the trial court erred in entering a take-nothing judgment because,
as a matter of law, CIA proved each element of its quantum meruit cause of action; and the trial
court's finding CIA should take nothing is against the great weight and preponderance of the
evidence.
      Point three asserts the trial court erred in finding that any obligation of West End to pay
reimbursement would be to State and County because such finding is against the great weight and
preponderance of the evidence.
      Point four asserts the trial erred in finding that any claim by and through State and County
is res judicata because a contract claim is, as a matter of law, not res judicata to a quantum meruit
claim.
      Point five asserts the trial court erred in denying Appellant's request for additional findings
of fact and conclusions of law.
      "Quantum meruit" is an equitable remedy which does not arise out of contract, but is
independent of it. Generally a party may recover in quantum meruit only when there is no express
contract covering the service or materials furnished. Vortt Exploration Co. v. Chevron USA, Inc.,
S.Ct., 787 S.W.2d 943.
      The right to recover in quantum meruit is based upon a promise implied by law to pay for
beneficial service rendered and knowingly accepted. If a valid contract covering the subject matter
exists there can be no recovery upon a contract implied by law. Black Lake Pipe Line Co. v.
Union Construction Co., Inc., S.Ct., 538 S.W.2d 80.
      The subject matter of this dispute is covered by the policy of insurance issued by State and
County to West End. It is clear that the rights and duties of West End stem from that contract. 
It is further clear from the evidence, and the trial court so found, that the adjusting by CIA was
performed and discharged for State and County.
      Moreover, in a prior lawsuit, State and County sued West End for the same $18,831.33 that
CIA sues West End for in this case. In Barr v. Resolution Trust Corp., the Supreme Court
reaffirmed the "transactional" approach to res judicata. Barr v. Resolution Trust Corp., 837
S.W.2d 627, 631 (Tex. 1992). "A subsequent suit will be barred if it arises out of the same
subject matter of a previous suit and which, through the exercise of diligence, could have been
litigated in a prior suit." Id. It is undisputed that CIA's quantum meruit suit against West End
arose out of the same subject matter as State and County's prior suit against West End. Id.
      A former judgment not only bars the parties to the first suit, it also bars all who were in
"privity" with the parties. Getty Oil Co. v. Insurance Company of North America, 845 S.W.2d
794, 800 (Tex. 1992). However, "[t]here is no general definition of privity that can automatically
be applied in all res judicata cases; the circumstances of each case must be examined." Id. Those
in privity may include persons who exercised control over the prior action, those whose interests
are represented by a party to the former suit, and successors in interest to the parties. Id. (citing
Dairyland County Mutual Ins. Co. of Texas v. Childress, 650 S.W.2d 770, 773-74 (Tex. 1983)).
      Was CIA in privity with State and County? West End introduced into evidence the findings
of fact and conclusions of law from the prior trial. There, the court found that (1) CIA was acting
for and on behalf of State and County when the claims were settled, (2) although State and County
had a right to settle the claims, no right of reimbursement arose unless the settlements were
reasonable, and (3) the payments were neither reasonable nor necessary under the terms of the
insurance policy. Under the circumstances of this case, CIA was in privity with State and County
as to the transactions that were the basis for the prior suit that terminated in West End's favor. 
Getty Oil, 845 S.W.2d at 800; Barr, 837 S.W.2d at 631. Thus, CIA's claim is barred by res
judicata.
      Appellant's points one through four are overruled and, under our view of the case, point five
is moot. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 23, 1995
Do not publish