**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 98-50844**

---

**REFRIGERACION Y RESTAURANTE S.A. de C.V.
d/b/a RYR SERVICES COMPANY,**

                                            **Plaintiff-Appellant,**

        **v.**

        **WAL-MART STORES, INC.,**

                                    **Defendant-Appellee.**

---

**Appeal from the United States District Court
for the Western District of Texas
(SA-97-CV-354)**

---

July 13, 1999

Before JONES, STEWART, Circuit Judges, and DUPLANTIER,[*] District Judge.

PER CURIAM:[†]

    Appellant Refrigeracion Y Restaurante S.A. de C.V. appeals the district court's grant of summary judgment in favor of Wal-Mart Stores, Inc.  We affirm.

### BACKGROUND

    Appellant was hired by Wal-Mart de Mexico to install refrigeration equipment in Wal-Mart's stores that were under construction in Mexico.  Due to a downturn in Mexico's economy, Wal-Mart de Mexico quit constructing new stores and therefore no longer needed appellant's services. Appellant sued Wal-Mart Stores Inc., the American corporation that owns 50% of Wal-Mart de Mexico,

---

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

[†]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleging breach of contract, fraud, negligent misrepresentation, quantum meruit, and promissory estoppel.

In appellant's response to Wal-Mart's motion for summary judgment, it submitted an affidavit by appellant's attorney, unauthenticated contracts between the parties, its pleadings, and purported deposition transcripts of various witnesses. After Wal-Mart objected to the submitted evidence, the district court granted Wal-Mart's motion, finding that appellant had failed to produce competent summary judgment evidence. The court rejected the attorney's affidavit because he was not a party to the purported contract and did not show that he had the personal knowledge he claimed to have; it rejected the International Bid Proposals because appellant's counsel had failed to properly authenticate them; finally, it rejected the deposition transcripts because they did not include copies of the court reporter's certificate of authenticity as required by Federal Rule of Evidence 30(f).

Appellant argues on appeal that the district court erred in rejecting its summary judgment evidence and that it sufficiently created a fact issue on each of its claims. Having carefully reviewed this appeal in light of the briefs, oral argument, and pertinent portions of the record, we conclude that, even if the deposition excerpts excluded by the district court are considered on appeal,[2] the appellant has failed to set forth genuine issues of material fact sufficient to create a jury issue on any of its

---

[2]Appellant does not brief on appeal and has thus waived the issue whether the trial court properly excluded the unauthenticated International Bid Form Proposals.

claims.

## STANDARD OF REVIEW

This court reviews a grant of summary judgment <u>de</u> <u>novo</u> and will affirm if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has demonstrated that there is no genuine issue of material fact, the nonmoving party must come forward with competent summary judgment evidence sufficient to create a jury issue. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53 (1986).

## DISCUSSION

Assuming <u>arquendo</u> that appellant's deposition excerpts submitted to the district court were competent summary judgment evidence, appellant failed to create a fact issue regarding either the existence of a contract with Wal-Mart Stores, Inc. or its claims founded in quantum meruit, fraud, negligent misrepresentation, or promissory estoppel.

Appellant failed to prove that it was a party to a contract with Wal-Mart Stores, Inc. Appellant did not contract with Wal-Mart Stores, Inc. (an American corporation); rather, it contracted with Wal-Mart de Mexico and Club Aurrera—completely separate entities with separately issued stock. It is axiomatic that one cannot sue a party for breach of contract unless the parties have a contractual relationship. See <u>Autry v. Dearman</u>, 933 S.W.2d 182, 189 (Tex. App.--Houston [14th Dist.] 1996, writ denied)(holding that breach of contract claim failed because "there was no

3

contractual relationship").

Appellant next argues that it is entitled to quantum meruit because it rendered valuable services by transporting equipment and employees to the Wal-Mart construction site in Merida. To prevail on a quantum meruit claim, the appellant must prove inter alia that it rendered valuable services for the benefit of Wal-Mart and that Wal-Mart accepted those services. See Vortt Explor. Co. v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex. 1990). Appellant has failed to produce any evidence that it provided services for the benefit of Wal-Mart at the Merida site, nor has it shown that Wal-Mart accepted and enjoyed those alleged services. Therefore, its quantum meruit claim fails.

Appellant's fraud claim likewise lacks merit. By merely alleging the facts contained in its pleadings, appellant has failed to produce any evidence or point to any specific fact in the record that creates a fact issue with respect to fraud. See Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996).

Appellant next asserts a claim for negligent misrepresentation because one of Wal-Mart's employees allegedly told appellant's representative that appellant would be kept busy with projects in the future as long as work quality remained satisfactory and appellant's prices were fair. To succeed on a negligent misrepresentation claim under Texas law, appellant must prove that Wal-Mart "misrepresented an existing fact, not a promise of future conduct." Airborne Freight Corp., Inc. v. C.R. Lee Enterp., Inc., 847 S.W.2d 289, 298 (Tex. App.--El Paso 1993, writ denied)(emphasis

4

in original).  The Wal-Mart employee's

> statement simply cannot be characterized as a
> misrepresentation of existing fact; if anything, it was
> a conditional promise of future employment.  Here, a
> condition precedent (if you do your job) qualified any
> promise of [Wal-Mart's] future conduct (we will retain
> you as . . . [a] contractor).  For these reasons, the
> tort of negligent misrepresentation was not proven in
> this case, as a matter of law.

Id.

Finally, appellant asserts a promissory estoppel claim.  To prevail on this claim, appellant must show that Wal-Mart made a promise and appellant foreseeably and detrimentally relied upon that promise.  See English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983).  Again, appellant has produced no competent summary judgment evidence creating a fact issue on its claim and instead relies solely on the facts alleged in its complaint.  Pleadings, however, are not competent summary judgment evidence and appellant's claim therefore fails.  See Wallace, 80 F.3d at 1047.

Therefore, even assuming that appellant's deposition excerpts were proper summary judgment evidence, appellant has failed to produce evidence sufficient to defeat Wal-Mart's motion for summary judgment. The district court's judgment is **AFFIRMED.**

**AFFIRMED.**