**REHAB 2112, L.L.C., d/b/a Rehab 2112, North Texas MRI, and White Rock MRI, Appellant,**

v.

**AUDIO IMAGES INTERNATIONAL, INC., Assignee of Imagine Media, Inc., Appellee.**

No. 05–03–01534–CV.

Court of Appeals of Texas, Dallas.

July 11, 2005.

Rehearing Overruled Aug. 16, 2005.

Laura L. Worsham, Lindy D. Jones, Jones, Allen & Fuquary, L.L.P., Dallas, for Appellant.

Jeffrey L. Clark, Kelsoe, Anderson, Khoury & Clark, P.C., Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

After submission of this appeal, Rehab 2112, L.L.C. and related entities filed for bankruptcy protection. Without knowledge of the bankruptcy filing, we issued an opinion and judgment on February 16, 2005. A suggestion of bankruptcy was later filed and we withdrew our opinion, vacated our judgment, and abated the appeal. *See* Tex.R.App. P. 8; *Howell v. Thompson,* 839 S.W.2d 92 (Tex.1992). The appeal was subsequently removed to the bankruptcy court. The bankruptcy court has remanded the appeal to this Court to complete the appeal process and modified the automatic stay to the limited extent of permitting this Court to complete the appeal process and issue any orders in connection therewith in accordance with Texas law. We have reinstated the appeal and issue the following opinion.

Rehab 2112, L.L.C., d/b/a Rehab 2112, North Texas MRI, and White Rock MRI ("Rehab") appeals the summary judgment granted in this breach of contract suit in favor of Audio Images International, Inc., as assignee of Imagine Media, Inc. In three issues, Rehab argues that there are genuine issues of fact precluding summary judgment, that there was no summary judgment evidence that Imagine Media assigned the contracts to Audio Images, and that the trial court did not have jurisdiction over North Texas MRI and White Rock MRI because they were not served with citation.

We conclude the trial court had jurisdiction to enter the judgment against Rehab.

However, we conclude there were genuine issues of material fact precluding summary judgment. Therefore, we reverse the trial court's judgment and remand for further proceedings.

## BACKGROUND

Audio Images International, Inc., as assignee of Imagine Media, Inc., sued Rehab 2112, L.L.C., d/b/a Rehab 2112, North Texas MRI, and White Rock MRI for failure to pay for audio services under three written agreements; each agreement was between Imagine Media and one of Rehab's assumed names. One citation was issued naming Rehab and each of the assumed names shown in the petition. The citation was served on Rehab through its registered agent. After Rehab answered, Audio Images moved for summary judgment on it breach of contract and quantum meruit claims. Rehab filed a verified amended answer and a counterclaim alleging fraudulent inducement of the contracts, prior breach of the contracts, deceptive trade practices, and failure of consideration. Audio Images filed a supplemental motion for summary judgment including the terms on the back pages of the contracts and asserting that there was no evidence of any fraudulent representations, material breach, or deceptive trade practices by it or its assignor, Imagine Media. Rehab filed a response to the motions for summary judgment asserting there were material issues of fact on Audio Images's claims and on its counterclaims. After a hearing, the trial court granted Audio Images's motion and supplemental motion for summary judgment.

Audio Images offered the affidavits of its president, Phil Axt, and copies of the contracts, account statements, and demand letters. Axt stated that Audio Images had purchased all of the assets of Imagine Media including the contracts at issue in this case. He stated that Audio Images had provided audio services to Rehab, that Rehab had failed to pay for the audio services, and that $2613 was due and owing as of January 27, 2003. Audio Images made demand for this amount and accelerated all sums due under the contracts when Rehab failed to pay.

Rehab offered summary judgment evidence that it had contracted with Imagine Media, a local business, for audio services at its clinics for six years. Its contact with Imagine Media was Tony Eggleston. In August 2002, Eggleston contacted a representative of Rehab, Brigitta Naughton, about renewal contracts for Rehab 2112, North Texas MRI, and White Rock MRI. He stated there were no changes to the contracts. Naughton and Eggleston signed three contracts, one for each of the named clinics. The contracts were for "Please Hold" services and required Imagine Media to provide four productions per year for several locations at a monthly price. The terms of the contracts were 36 months.

In September 2002, Naughton contacted Eggleston about providing audio services for a new clinic in Houston opening in October, and about changing the production scripts for the holidays. Eggleston agreed he would make sure the services were set up for the Houston clinic. (There is no indication that the Houston clinic was the subject of the three contracts at issue in this case.) Naughton contacted Eggleston again a few days before the opening of the Houston clinic to check on the status and to remind him about changing the scripts for the existing clinics for the holidays. On October 4, 2002, Naughton went to Houston and discovered that the audio services had not been installed. She called Eggleston repeatedly but was unable to reach him on his cell phone or his business phone. She contacted Rehab's offices and

learned that the billing address for Imagine Media had changed to a Florida post office box, but the local telephone numbers remained the same. She tried to find a listing for Imagine Media in Florida, but was unsuccessful.

Naughton then contacted another company to supply the audio services for the Houston clinic. After the Houston clinic opened and she had not heard from Imagine Media or Eggleston, Naughton had another company make new script productions for the holiday season. On October 18, 2002, Rehab notified Imagine Media at its old address that Rehab was terminating the agreements because Imagine Media had abandoned the contracts.

Naughton stated that throughout these contacts with Eggleston, he never disclosed that he was selling Imagine Media to Audio Images in Florida and never provided her with contact information for Audio Images to call regarding service problems.

### FINALITY OF JUDGMENT

■ We first address whether the summary judgment is a final judgment because it affects our jurisdiction. The judgment is titled "Final Judgment" and grants Audio Images's motion for summary judgment and supplemental motion for summary judgment. It awards Audio Images judgment against Rehab for the sum of $18,693 plus prejudgment interest, attorney's fees through trial and conditional awards for appeals, and post-judgment interest. The judgment does not expressly mention Rehab's counterclaims. However, it states: "This is the Final Judgment of the Court disposing of all parties and all claims. All other relief not expressly granted is herewith denied."

We conclude this is a final judgment for purposes of appeal, although it does not expressly dispose of Rehab's counterclaims. In *Lehmann v. Har–Con Corp.*, the supreme court concluded that when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." 39 S.W.3d 191, 205 (Tex. 2001). The judgment here clearly and unequivocally states that it disposes of all parties and all claims and is a final judgment for purposes of appeal.

### JURISDICTION OVER DEFENDANT

■ In its third issue, Rehab contends that White Rock Open MRI, L.L.C. and North Texas Open MRI, L.L.C. are separate limited liability companies and the trial court did not have jurisdiction to render judgment against these entities because they were never served with process and never appeared or waived service of process. However, the trial court did not render judgment against these entities. The judgment was rendered against Rehab 2112, L.L.C., doing business as Rehab 2112, North Texas MRI and White Rock MRI. Moreover, Rehab appeared and filed an answer and a counterclaim under the assumed names alleged in the petition. Rehab did not file a verified denial of the capacity in which it was sued, of the execution of the contracts on its behalf, or that it was doing business under an assumed name as alleged. TEX.R. CIV. P. 93.2, 93.7, 93.14. Nor did Rehab submit any summary judgment proof indicating the agreements were with separate legal entities rather than assumed names of the same company. We conclude the trial court had jurisdiction over the named defendant Rehab 2112, L.L.C. d/b/a Rehab 2112, North Texas MRI and White Rock MRI. We resolve Rehab's third issue against it.

## TRADITIONAL SUMMARY JUDGMENT

■ Rehab's first issue argues that there are genuine issues of material fact and that Audio Images is not entitled to judgment as a matter of law. To be entitled to a traditional summary judgment, Audio Images had to conclusively prove each element of its cause of action. *See* TEX.R. CIV. P. 166a(c); *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986) (per curiam). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Further, every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

The motion for summary judgment asserted Audio Images was entitled to judgment as a matter of law on its breach of contract claim and alternatively on its quantum meruit claim. An essential element of the contract claim is that the plaintiff performed or tendered performance of its obligations under the contract. *See Barnett v. Coppell N. Tex. Court, Ltd.,* 123 S.W.3d 804, 815 (Tex.App.-Dallas 2003, pet. denied). An essential element of the quantum meruit claim is that the plaintiff furnished or provided valuable services to the defendant. *See Vortt Exploration v. Chevron U.S.A.,* 787 S.W.2d 942, 944 (Tex. 1990).

The only summary judgment evidence that Audio Images performed its obligations under the contracts and provided valuable services to Rehab is Axt's statement that "[p]ursuant to written contract, Audio Images provided audio services to [Rehab]," and that when Audio Images provided the audio services it expected to be paid. However, Rehab offered summary judgment evidence that the contracts required Audio Images to provide four productions per year for each of the locations, and that Audio Images failed to provide a new production for the up-coming 2002 holidays despite Naughton's repeated requests to Eggleston.

Reviewing the evidence in the light most favorable to Rehab, the nonmovant, and indulging every reasonable inference in its favor, we conclude there is a genuine issue of material fact as to whether Audio Images as assignee of Imagine Media performed or tendered performance of its obligations under the contracts and provided valuable audio services to Rehab. Accordingly, the trial court erred in granting summary judgment for Audio Images.

## DISPOSITION OF COUNTERCLAIMS; NO-EVIDENCE MOTION

■ We next consider Rehab's first issue in the context of Rehab's counterclaims. The summary judgment did not expressly dispose of Rehab's counterclaims. However, it expressly granted Audio Images's motion for summary judgment and supplemental motion for summary judgment. The supplemental motion for summary judgment included a statement that "there is no evidence that [Audio Images] or its assignee [sic] made any fraudulent representations, made any false, misleading or deceptive acts, materially breached the contract or abandonment [sic] of the contract," and requested judgment under rule 166a(i). TEX.R. CIV. P. 166a(i). Rehab does not challenge the sufficiency of the supplemental motion as a no-evidence motion under rule 166a(i), but argues that it raised a genuine issue of material fact on the challenged elements. Accordingly, we will treat the supplemental motion as including a no-evidence motion for summary judgment on Rehab's counterclaims.

In reviewing a no-evidence summary judgment motion, we examine the record

in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *King Ranch v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003); *Wal–Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex.2002). A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex.R. Civ. P. 166a(i); *Wal–Mart*, 92 S.W.3d at 506. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch*, 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983)). More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *King Ranch*, 118 S.W.3d. at 751 (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997)).

Rehab presented summary judgment evidence that Audio Images was required to provide four productions per year for each of the locations under the contracts and that despite requests made to Eggleston, the only representative known to Rehab, Audio Images failed to provide a new production for the holiday season of 2002. There was also summary judgment evidence that when the renewal contracts were signed, Eggleston failed to disclose the sale of the business to Audio Images located in Florida.

We conclude there is at least some evidence that Audio Images or its assignor made fraudulent representations by failing to disclose the sale of the business and engaged in false, misleading, or deceptive acts by passing off its services as the services of another, causing confusion as to the source of the services, and making deceptive representations regarding the geographic origin of the services. Viewing

this evidence under the appropriate standard of review, we conclude there is more than a scintilla of evidence on the challenged elements and therefor the no-evidence summary judgment was improper. We sustain Rehab's first issue.

### CONCLUSION

Because our disposition of Rehab's first issue resolves the appeal, we need not reach Rehab's second issue. Tex.R.App. P. 47.1. We reverse the judgment of the trial court and remand for further proceedings.