COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     *Alzo Preyear, Sr. v. Kumar Kandasamy and Advanced Platinum
Solutions, Inc.*

Appellate case no.:      01-11-01093-CV

Trial court case no.:    2008-48663

Trial court:             281st District Court of Harris County

On September 20, 2013, Kumar Kandasamy and Advanced Platinum Solutions, Inc. ("APS") filed a motion for rehearing. In the motion, APS asserts that this Court erred in concluding that it had not challenged the fourth element of quantum meruit (i.e., that the plaintiff had rendered services under circumstances as would reasonably notify the defendant that he expected to be paid) as a ground for summary judgment.[1] APS contends that although its argument in its summary judgment motion addressing Preyear's quantum meruit claim was brief, it was "pregnant with meaning" and "explicitly referenced" the fourth element.

APS's entire summary judgment argument related to Preyear's quantum meruit claim is as follows:

---

[1]     On August 22, 2013, we issued our opinion in the above case reversing the trial court's order granting summary judgment in favor of appellees on appellant Alzo Preyear's quantum meruit claim. In our opinion, we held that Preyear had produced sufficient summary judgment evidence raising a genuine issue of material fact regarding the first element of his quantum meruit claim (i.e., that he had rendered valuable services to APS). We also concluded that APS had not challenged the fourth element in its hybrid no-evidence and traditional summary judgment motion.

Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received. *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

Plaintiff Alzo claims that APS received the 'benefits of the Plaintiff Alzo's services, time and equipment for the Plaintiff Alzos's role in the start-up and operation of APS.' . . . Plaintiff Alzo's claim is nonsensical. . . . He was not around during the start up and admits to knowing nothing about the start up. Plaintiff Alzo did not even know the "start-up" date of APS. . . . Clearly, then, Plaintiff Alzo has no claim to be compensated for "start-up." There is no evidence that supports Plaintiff Alzo's claim that he provided services, time or equipment for the start-up and operations of APS.

APS argues that its reference to *Vortt Exploration* above demonstrates that it was challenging the fourth element. However, the first sentence merely states a general proposition of law regarding quantum meruit and cites to *Vortt Exploration* as legal authority.

APS also argues that Preyear's summary judgment response shows that Preyear recognized that APS had raised the fourth element in its motion. Whether Preyear addressed the fourth element in his response does not absolve APS of its burden to "state the specific grounds" entitling it to summary judgment relief under Rule 166a(c) and to "state the elements as to which there is no evidence" under Rule 166a(i). *See* TEX. R. CIV. P. 166(c), (i). Further, Preyear addressed **all** four elements of a quantum meruit claim in his summary judgment response, arguing that there existed material issues of fact on each element.

As such, APS failed to challenge the fourth element of Preyear's quantum meruit claim and, therefore, we did not need to consider it on appeal. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *Klentzman v. Brady*, 312 S.W.3d 886, 908 (Tex. App.—Houston [1st Dist.] 2009, no pet.). APS is not entitled to relief on this basis. Having so concluded, we need not address its additional argument that there is no evidence of the fourth element.

Accordingly, APS's motion for rehearing is **denied.**

Judge's signature: /s/ Jim Sharp
                        Acting for the Court

Panel consists of: Chief Justice Radack and Justices Sharp and Massengale

Date:  November 26, 2013