# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2023

Lyle W. Cayce
Clerk

————————

No. 22-10458

————————

Gregory A. Blanchard,

*Plaintiff—Appellant*,

*versus*

Denise Via; Direct Health Care, Incorporated,

*Defendants—Appellees*.

—————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CV-170

—————————————————————————

Before Wiener, Stewart, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Gregory Blanchard expressed interest in buying Defendant-Appellee Denise Via's business entity, Direct Health Care, Inc. ("DHC"). To that end, Blanchard provided services to DHC to ensure its health before the purchase. This relationship spanned several years, both prior to and after the execution of a Purchase Agreement on February 7, 2019. But the sale never happened.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10458

The parties now dispute whether Blanchard is owed compensation for his services to DHC during those years. A jury found that DHC owed Blanchard $35,000 pursuant to quantum meruit, but the district court granted DHC's renewed motion for judgment as a matter of law and set aside that verdict. We affirm.

## I. FACTS AND PROCEEDINGS

Via owns and operates DHC, a home health and hospice provider. Via first met Blanchard in 2015 and stayed in close contact for the next five years regarding the potential sale of DHC. Blanchard continuously expressed interest in purchasing DHC. To ensure the business's continued health, Blanchard assisted in DHC's operations: He paid the deposit for DHC's new office lease, guaranteed and made monthly payments on DHC's promissory notes, reviewed DHC's financial statements, and provided related advice.

Blanchard and Via entered into a Purchase Agreement regarding DHC on February 7, 2019, which acknowledged:

> That implemented business practices that have been adopted have value. That value shall be $100,000/yr beginning in 2017 for the purpose of compensation in the event of any termination, breakup, liquidation, dispositionany *[sic]* event which constitutes a material change of any kind.

Blanchard continued to provide his services, largely unchanged, after the Purchase Agreement was executed. That included his review of DHC's financials and making monthly payments on the promissory note.[1]

---

[1] Blanchard was eventually compensated for the payments he made from his own pocket, whether it be for the lease or note payments.

No. 22-10458

In 2020, the parties' relationship started to deteriorate. Blanchard and Via disagreed on patient care decisions, and the Purchase Agreement was terminated.

The instant action ensued and eventually went to trial. Blanchard's claims included promissory estoppel, negligent misrepresentation, quantum meruit, common law fraud, and unjust enrichment. He also sought punitive damages for fraud. The jury found for Defendants-Appellees on all claims except quantum meruit against DHC, for which it awarded Blanchard $35,000. DHC renewed its motion for judgment as a matter of law on quantum meruit. The district court agreed with DHC's position and set aside the jury's verdict. Blanchard appeals that decision.

## II. Standard of Review

This court reviews *de novo* a district court's ruling on a motion for judgment as a matter of law. *CBE Group, Inc. v. Lexington Law Firm*, 993 F.3d 346, 349 (5th Cir. 2021). Such motions are granted "only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Id.* We also give credence to "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

## III. Analysis

This appeal presents only issues related to quantum meruit, an equitable remedy "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted" in the absence of an express agreement. *Vortt Expl. Co., Inc. v. Chevron USA, Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) ("*Vortt*"). Here, the district court concluded the

Purchase Agreement was not an enforceable contract because Blanchard did not provide independent consideration in exchange for the option period within the Purchase Agreement. In Texas, a claim for quantum meruit requires that: "1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Id.*

The instant parties dispute the fourth element—whether DHC had "reasonable notice" that Blanchard expected payment for his services. Texas law on quantum meruit is well-established.[2] Texas courts have denied recovery under quantum meruit when the plaintiff rendered services to gain a business advantage or opportunity. *See Anubis Pictures, LLC v. Selig*, No. 05-19-00817-CV, 2021 WL 805214, at *12 (Tex. App.—Dallas Mar. 3, 2021, no pet.) ("Finally, it is elementary in the law governing quantum meruit that no recovery can be had for preliminary services that are performed with a view to obtaining business through a hoped-for contract."); *Peko Oil USA v. Evans*, 800 S.W.2d 572, 576-77 (Tex. App.—Dallas 1990) ("We conclude that an expectation of a future business advantage or opportunity cannot form the basis of a quantum meruit claim."). This is a widely adopted aspect of quantum meruit across jurisdictions. *See Anderson v. Iceland Seafood Corp.*, No. 94-60862, 1996 WL 46554, at *2 & n.11 (5th Cir. 1996) ("[A] claimant is

---

[2] After considering the relevant factors, we conclude that Blanchard's requested certification to the Texas Supreme Court is unnecessary. *See Troice v. Greenberg Traurig, LLP*, 921 F.3d 501, 504 (5th Cir. 2019) (citing *Florida ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 275 (5th Cir. 1976)). Although that state's highest court has not directly examined this principle, ample sources of state caselaw on this issue exist, and the parties have not presented cases inapposite. Furthermore, the stakes at issue here do not warrant the additional expenditure of that court's resources to resolve.

not entitled to recover in *quantum meruit* when services have been rendered with the expectation that a future business opportunity or contract—rather than direct compensation—will be forthcoming.") (collecting cases).

The instant record is replete with evidence that Blanchard wished to gain a business advantage or opportunity. He provided services to improve DHC's financial health prior to his purchase of it. At no point were these services rendered for cash payment, and Via testified that Blanchard did not ask for compensation in return for his pre-execution services. Blanchard himself stated that he provided his services with the expectation that he would ultimately buy DHC. He admitted on cross examination that, at the times he provided services to DHC in 2017 and 2018—before the execution of the Purchase Agreement—he did so without an expectation of payment. After the Purchase Agreement was executed, his services were identical to those he provided prior to its execution.

The district court thoroughly examined Texas caselaw—as it is well equipped to do—in coming to its decision on quantum meruit. That court's treatment of Texas caselaw regarding reasonable notice hardly qualifies as a disregard of *Vortt*, which the district court distinguished from the instant case. *See Vortt*, 787 S.W.2d at 944. In *Vortt*, the parties engaged in negotiations regarding a joint operating agreement but did not reach an agreement. *Id.* The Texas Supreme Court's relatively brief majority opinion does not treat the aforementioned principle of business advantage, but instead considers only "whether the trial court's findings of fact were sufficient to allow [Vortt] to recover under quantum meruit for seismic information provided by Vortt to [Chevron]." *Id.* at 943. Vortt provided that information to encourage Chevron's participation in the deal to develop the land jointly. Here, we observe that Blanchard did not provide his services to encourage Via's participation in the sale. He did so instead for his own benefit in receiving both a more favorable rate and the benefits of a healthier DHC.

No. 22-10458

The issue was framed well by the district court: "whether a plaintiff can recover in quantum meruit where he negotiates for the sale of a business . . . but does not, at the outset, provide reasonable notice to the defendant that he expects compensation for any services subsequently provided." The parties here are businesspeople who engaged in a lengthy courtship regarding the sale of a company. Under such circumstances, one party cannot suddenly spring obligations for payment on the other. Although the question should have been taken away from the jury earlier, the mechanism for a renewed motion for judgment as a matter of law exists for a reason. FED. R. CIV. P. 50(b).

## IV. CONCLUSION

The district court's judgment is AFFIRMED.