IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2008

Charles R. Fulbruge III
Clerk

No. 08-50227
Summary Calendar

CHRISTOPHER LANDAVAZO

Plaintiff - Appellant

V.

THE TORO COMPANY

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CV-356

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Christopher Landavazo ("Landavazo") appeals from the district court's final judgment dismissing Landavazo's claims against his former employer, The Toro Company ("Toro"), under 42 U.S.C. § 1981 and the Texas Labor Code. Landavazo argues that the district court erred in dismissing Landavazo's suit sua sponte for failure to state a claim and in denying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Landavazo's motion for leave to amend his complaint. For the following reasons, we AFFIRM.

## I.    Factual and Procedural Background

Landavazo, represented by counsel, filed this action seeking damages from Toro for alleged violations of the Fair Labor Standards Act ("FLSA"). The factual basis of the original complaint states in toto the following:

> Mr. Landavazo was a Production Manager with Defendant.
> Mr. Landavazo was terminated on or about December 9, 2004. Defendant purportedly terminated his employment because Plaintiff supposedly claimed unworked overtime. This purported reason is false, pretextual and a mere excuse for unlawful motivations. The real reasons Mr. Landavazo was discriminated and retaliated against in the terms, conditions and privileges of his employment is because of his race, color, national origin and or ethnicity and or in violation of the Fair Labor Standards Act, Title 29, United States Code, Section 201, et seq., 29 U.S.C. § 201 et seq.

Landavazo's prayer for relief also sought damages under Title VII, 42 U.S.C. § 1981, and the Texas Labor Code, although he did not specifically allege violations of those statutes in the complaint.

Almost one year after the original complaint was filed, Toro filed a motion for summary judgment. In its motion, Toro argued that Landavazo failed to state a claim under the FLSA because he was a salaried supervisor exempt from the overtime payment requirements of the FLSA and there was no evidence that he engaged in any protected activity. As to any claims under Title VII, § 1981, and the Texas Labor Code, Toro stated that "[o]ut of an abundance of caution but maintaining its position that no cause of action is pled under any of these statutes, [Toro] submits that, in any event, there is no evidence to support any claim of national origin or race discrimination."

In response to Toro's motion for summary judgment, Landavazo conceded that Toro was entitled to summary judgment on his FLSA and Title VII claims,

and the district court granted Toro's motion for summary judgment on those claims. Landavazo argued, however, that the evidence precluded summary judgment on the discrimination claims under § 1981 and the Texas Labor Code. The district court did not review the § 1981 and Texas Labor Code claims under a summary judgment standard, but rather, the court dismissed those claims for failure to comport with the pleading standards set forth in Federal Rule of Civil Procedure 8(a)(2).

Landavazo filed a motion for reconsideration, contending that he sufficiently pled his claims and the court erred in dismissing the case sua sponte without allowing him an opportunity to amend. Landavazo sought leave to amend the complaint and attached the proposed amended complaint to the motion for reconsideration. The district court denied the motion for reconsideration, stating that

> Plaintiff's Petition does not properly plead Plaintiff's putative Section 1981 and Texas Labor Code claims. . . . Plaintiff's Amended Complaint still does not contain any factual allegations that properly state his putative Section 1981 and Texas Labor Code [c]laims. . . . The Court finds Plaintiff's Amended Complaint does not cure his original Petition's defects and therefore concludes it is not unjust to deny Plaintiff's Motion for Reconsideration and his request for leave to amend his Petition.

Landavazo appeals, challenging the dismissal of the § 1981 and Texas Labor Code claims and the denial of leave to file an amended complaint.

II. Discussion

A. Sua Sponte Dismissal

Landavazo emphasizes that the district court dismissed his suit sua sponte. While Toro did not file a separate motion to dismiss, its motion for summary judgment clearly "maintain[ed] that no cause of action [was] pled

under" § 1981 and the Texas Labor Code.[1] Notably, Toro made no legal arguments regarding the pleading deficiency, but Landavazo simply ignored the argument that was raised about the pleading deficiency. The district court considered Toro's pleading deficiency argument, stating that "Defendant asserts that Plaintiff fails to properly plead any cause of action under Title VII, Section 1981, or the Texas Labor Code." The record demonstrates that the district court did not raise the pleading deficiency issue sua sponte, although it did not have the benefit of any legal arguments on the issue.

Even assuming arguendo that the district court raised the issue sua sponte, it has authority to consider the sufficiency of a complaint on its own initiative. See Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006) ("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.") (citation omitted).

## B. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). We review dismissal of a complaint for failure to state a claim de novo. Lindquist v. City of Pasadena, Tex., 525 F.3d 383, 386 (5th Cir. 2008) (citation omitted). We accept all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff. Id. (citation omitted). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in

---

[1] Toro also argued that no cause of action was pled under Title VII. Landavazo's Title VII claim is not an issue on appeal.

4

the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citation and footnote omitted).

We set out the entire factual allegations of Landavazo's original pleading above. The only factual allegations in the entire pleading are Landavazo's job title, the date of termination, and the purported reason for termination. The remaining allegations either deny the purported reason for the termination without any affirmative allegations or state legal conclusions. Specifically, Landavazo's allegation that the "purported reason is false, pretextual and a mere excuse for unlawful motivations" is, at most, a conclusory allegation and provides no notice of Toro's acts that gives rise to this action. Further, Landavazo's statement that "[t]he real reasons Mr. Landavazo was discriminated and retaliated against in the terms, conditions and privileges of his employment is because of his race, color, national origin and or ethnicity and or in violation of the Fair Labor Standards Act" is merely a legal conclusion. Landavazo's factual allegations are not enough to raise his right to relief above the speculative level. See Twombly, 127 S. Ct. at 1965; Rios v. City of Del Rio, Tex., 444 F.3d 417, 421 (5th Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quotation and citation omitted).

Conspicuously missing from the pleading are minimal facts pertaining to Landavazo's race, ethnicity, and/or national origin; any acts of alleged retaliation or discriminatory conduct; or any other facts related to a discrimination or retaliation claim. Even though the district court liberally construed the pleading as asserting claims under § 1981 and the Texas Labor Code, it properly dismissed those claims for failure to state a claim upon which relief could be granted.

C. Motion for Reconsideration and Leave to Amend Complaint

The denial of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is reviewed for abuse of discretion. Dearmore v. City of Garland, 519 F.3d 517, 520 (5th Cir. 2008) (citation omitted). We also review a district court's denial of leave to amend a complaint for abuse of discretion. Carroll, 470 F.3d at 1174. "Because of the liberal pleading presumption underlying Rule 15(a),[2] we have acknowledged that the term 'discretion' in this context 'may be misleading, because Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend.'" Mayeaux v. Louisiana Health Serv. & Indem. Co., 376 F.3d 420, 425 (5th Cir. 2004) (citation omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" Id. (citation omitted).

The district court does not abuse its discretion in denying leave to amend if allowing amendment of the complaint would be futile. Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003) ("[T]he proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion and allowing [plaintiff] to amend the complaint would be futile."); see Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000). Therefore, we review the proposed amended complaint under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (citations omitted).

While Landavazo's amended complaint makes more allegations, the amended complaint still would not survive a Rule 12(b)(6) motion to dismiss. A review of the amended complaint leaves the reader speculating as to what conduct, even if taken as true, occurred that would give rise to a right to relief.

---

[2] Federal Rule of Civil Procedure 15(a) provides in part that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

To survive a motion to dismiss, a complaint alleging claims of discrimination must make factual allegations sufficient to put the defendant on notice of the alleged unlawful conduct. Conclusory allegations are insufficient. Rule 8 requires the plaintiff to make a "showing" that he is "entitled to relief." Twombly 127 S.Ct. at 1965 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The amended complaint fails to allege sufficient facts to show that Landavazo is entitled to relief and to provide fair notice to Toro of the basis of the claims. Therefore, granting leave to file the amended complaint would have been futile, and the district court did not abuse its discretion in denying leave to amend.

III. Conclusion

For the foregoing reasons, we AFFIRM.