**TERRA NOVA SCIENCES, LLC and Elan Yogeswaren, Plaintiffs,**

v.

**JOA OIL AND GAS HOUSTON, LLC et al., Defendants.**

**Civil Action No. H–10–844.**

United States District Court, S.D. Texas, Houston Division.

Aug. 19, 2010.

Muhammad Suleiman Aziz, Abraham Watkins Nichols Sorrels and Friend, Houston, TX, for Plaintiffs.

Kirk R. Wagner, Christopher Lee Dodson, John Hanson Barr, Jr., Bracewell Giuliani, LLP, Thomas W. Sankey, Duane Morris LLP, Henry H. McCreight, Jr., Attorney at Law, Houston, TX, John P. Cooley, James YC Sze, Duane Morris LLP, San Diego, CA, for Defendants.

## MEMORANDUM AND ORDER

GRAY H. MILLER, District Judge.

Pending before the court are the JOA defendants' motion to dismiss (Dkt. 28) and defendants Lee Morris Taylor and Terascale Technology, LLC's motion to dismiss (Dkt. 30). Also pending before the court is plaintiffs' motion for leave to file a second amended complaint. Dkt. 50. After review of the motions, the responses, and the applicable law, the JOA defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendants JOA Oil and Gas LLC and Jewelsuite.com, LLC are dismissed from the case, and the quantum meruit and breach of fiduciary claims against JOA Software are dismissed. Additionally, Taylor and Terascale's motion to dismiss is GRANTED IN PART and DENIED IN PART. Specifically, the quantum meruit and breach of fiduciary claims are dismissed

and plaintiffs are granted leave to amend the fraud claim. Lastly, plaintiffs' motion for leave to file their second amended complaint is GRANTED IN PART and DENIED IN PART. Plaintiffs are granted leave to file an amended complaint bringing claims of fraud, misappropriation of trade secrets, and unjust enrichment against JOA Oil & Gas, B.V. and Anatech, Corp.

## BACKGROUND

The factual background of this case has been stated in several other orders and does not bear repeating. *See, e.g.,* Dkt. 49. Plaintiffs Terra Nova Sciences, LLC and Elan Yogeswaren bring claims of fraud, misappropriation of trade secrets, quantum meruit, unjust enrichment, and breach of fiduciary duty against the JOA defendants,[1] Lee Morris Taylor, and Terascale Technology, LLC ("Terascale"). Dkt. 12. The JOA defendants move the court to dismiss all claims against them under Rule 12(b)(6). Dkt. 28. Likewise, Taylor and Terascale move this court to dismiss all of the plaintiffs' claims against them under Rule 12(b)(6). Dkt. 30. Lastly, plaintiffs move for leave to file a second amended complaint. Dkt. 50.

## ANALYSIS

### A. Motions to Dismiss

#### 1. Standard

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum*

& *Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 129 S.Ct., at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, the plaintiff must demonstrate "more than a sheer possibility that the defendant has acted unlawfully." *Id.*

#### 2. JOA Defendants' Motion to Dismiss

As an initial matter, the JOA defendants urge this court to dismiss the claims against JOA Oil and Gas LLC and Jewelsuite.com, LLC, because they are not valid legal entities and the plaintiffs have not alleged specific claims against either of them. Dkt. 28. From the plaintiffs' briefing, it appears they are in agreement. *See* Dkt. 41 (responding to the JOA defendants' motion to dismiss with respect to defendant JOA Software and Services, LLC only). Therefore, JOA Oil and Gas LLC and Jewelsuite.com, LLC are dismissed from the case.

The JOA defendants also ask this court to dismiss all of the claims made against JOA Software and Services, LLC ("JOA Software")—namely, fraud, misappropriation of trade secrets, quantum meruit, un-

---

**1.** The JOA defendants consist of JOA Oil and Gas LLC, JOA Software and Services, LLC, and Jewelsuite.com, LLC. Another JOA enti-

ty, JOA Oil and Gas Houston, LLC, was previously dismissed from this case. *See* Dkt. 37.

just enrichment, and breach of fiduciary duty.

### a. Fraud

■ The JOA defendants urge the court to dismiss the fraud claim against JOA Software because it fails to meet the particularity requirements of Federal Rule of Civil Procedure 9(b). Specifically, they claim the plaintiffs have failed to allege statements made by JOA Software that were: (1) material; (2) known to be false when made or asserted without knowledge of the truth; or (3) intended to be acted upon. Dkt. 28 at 9. Additionally, they argue that the plaintiffs have made the allegations in their complaint without specificity as to which JOA defendant did what. *Id.* Plaintiffs contend, however, that they have met the Rule 9(b) pleading requirement and, in the alternative, should be allowed to amend their complaint. Dkt. 41.

■ Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Under Texas law, to state a claim for common-law fraud, a plaintiff must allege that the defendant made "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir.2008) (quoting *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 929–30 (Tex.1996)). The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir.2002)). As such, Rule 9(b) requires

the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir.2002)). However, states of mind such as malice, intent or knowledge may be averred generally. *Id.* (citing Fed. R. Civ. P. 9(b)).

After review of the amended complaint, it is clear the plaintiffs have met the particularity requirements of Rule 9(b). The complaint alleges that in email and phone conversations during the months of April and May, 2007, Bob Rundle, president of JOA Software, and Gerard de Jager, managing director of the JOA entities including JOA Software, told plaintiffs that they wanted them to demonstrate their GeoMatriX plug in at the EAGE conference. Dkt. 12, at 13. Additionally, if the demonstration went well, JOA Software would make an investment in GeoMatriX. *Id.* Further, JOA Software, through Rundle and de Jager, made these representations for the purpose of obtaining the GeoMatriX algorithms, which plaintiffs would have to disclose in order to develop the demonstration for the conference. *Id.* And lastly, JOA Software knew these statements were false because it had no intention of ever entering into such an arrangement. *Id.* These allegations sufficiently describe the "who, what, when, where, and how" that Rule 9(b) requires. Therefore, the motion to dismiss the fraud claim against JOA Software is denied.

### b. Misappropriation of Trade Secrets

■ Under Texas law, a plaintiff must alleged facts that establish: (1) a trade secret existed; (2) the trade secret was acquired through a breach of a confidential business relationship or was discovered by improper means; (3) the defendant used the trade secret without the plaintiff's authorization; and (4) the plaintiff was damaged as a result. *Cudd Pressure Control,*

*Inc. v. Roles,* 328 Fed.Appx. 961, 964 (5th Cir.2009) (quoting *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.,* 932 F.2d 1113, 1123 (5th Cir.1991)). It is, however, somewhat unclear whether the element of damages is required under Texas law. *Id.* In the instant case, the JOA defendants urge the court to dismiss the plaintiffs' misappropriation of trade secrets claim because the plaintiffs fail to allege (1) the trade secrets were acquired through a breach of an improper relationship or discovered by improper means; and (2) that plaintiffs were damaged as a result of JOA Software's alleged use of the purported trade secret. Dkt. 28. Plaintiffs contend that they have shown the trade secrets were discovered by improper means and that they have been damaged.

▮▮▮▮ The court agrees with the plaintiffs. Discovery by improper means includes "theft, fraud, unauthorized interception of communications, inducement of or knowing participation in a breach of confidence, and other means either wrongful in themselves or wrongful under the circumstances of the case." *Astoria Industries of Iowa, Inc. v. SNF, Inc.,* 223 S.W.3d 616, 636 (Tex.App.-Fort Worth 2007, pet. denied) (citing RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 43). As plaintiffs have alleged JOA Software obtained the GeoMatriX algorithms by fraud, they have sufficiently alleged that the trade secrets were discovered by improper means. Additionally, the plaintiffs have sufficiently alleged that JOA Software "used" the trade secrets and they have therefore been damaged as a result. Use refers to "commercial use" and occurs whenever "a person seeks to profit from the use of the secret." *Gen. Universal Sys., Inc. v. HAL, Inc.,* 500 F.3d 444, 450 (5th Cir.2007). And, "use" is defined as "any exploitation of the trade secret that is likely to result in injury to the trade secret owner or enrichment to the defendant." *Id.* at 451. Plaintiffs have alleged that

JOA Software has incorporated the Geo-MatriX algorithms into its Jewel Suite software, from which it derive profits. Dkt. 12 at 16. This is sufficient to allege use of the trade secret. Therefore, the motion to dismiss is denied with respect to this claim.

### c. *Quantum Meruit*

▮▮▮▮ The JOA defendants contend that the plaintiffs' quantum meruit claim must be dismissed because such a claim cannot be based upon the expectation of a future business opportunity. *See* Dkt. 28 at 11. Under Texas law, to recover for a claim of quantum meruit, a plaintiff must prove: (1) that valuable services were rendered or materials furnished; (2) to the person sought to be charged; (3) those services or materials were accepted by the person sought to be charged; and (4) under such circumstances that put the person sought to be charged on notice that the plaintiff expected to be paid. *Vortt Exploration Co. v. Chevron, U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex., 1990).

In their first amended complaint, plaintiffs allege: (1) they provided valuable services and materials, namely algorithms, a business plan, and work to develop a demonstration for the EAGE conference; (2) to JOA Software; (3) these services and materials were accepted by JOA Software; and (4) JOA Software was aware that plaintiffs expected to be compensated. *See* Dkt. 12 at 17. Therefore, the plaintiffs argue, they never specifically alleged these services and materials were in anticipation of a future business opportunity. Dkt. 41 at 9–10. Additionally, although Texas appellate courts have held that quantum meruit cannot be based on a future business opportunity, the Texas Supreme Court has not explicitly held that is the law. *See, e.g., Peko Oil USA v. Evans,* 800 S.W.2d 572, 576 (Tex.App.-Dallas, 1990, writ de-

nied). For example, in *Vortt Exploration Co. v. Chevron, U.S.A., Inc.*, the Texas Supreme Court was faced with a case in which the plaintiffs' quantum meruit claim was premised on an expected business opportunity/relationship and the court did not find the claim invalid. 787 S.W.2d 942, 945 (Tex.1990). The JOA defendants, however, contend that in the present case, plaintiffs' claim fails because it is obvious from the face of the pleadings that the algorithms were provided and the work performed on the demonstration solely to progress a future business opportunity and, therefore, the claim must be dismissed. Dkt. 42.

Although the Texas Supreme Court in *Vortt* did not find the quantum meruit claim invalid even though the claim was premised on the plaintiff furnishing materials to further a joint operating agreement,[2] the general rule in Texas appears to be that quantum meruit cannot be based upon a future business opportunity. *See, e.g., LTS Group, Inc. v. Woodcrest Capital, L.L.C.*, 222 S.W.3d 918, 921 (Tex.App.-Dallas 2007, no pet.); *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 895 (Tex.App.-San Antonio 2002, no pet.); *see also Internacional Realty, Inc. v. Ferrari*, 2009 WL 68853, at *2 (Jan. 7, 2009 W.D.Tex.). In the present case, although plaintiffs have alleged each element of the quantum meruit claim without mention of a future business opportunity, a reading of the complaint as a whole makes it clear that the materials and services were rendered solely for such an advantage. The plaintiffs state in the fact section of their complaint that de Jager told them that he wanted a demonstration of the GeoMatriX plug-in incorporated into the Jewelsuite software for the EAGE con-

ference to gauge industry interest in the project. Dkt. 12 at 8. Further, "[p]laintiffs provided the algorithms to JOA Defendants and Taylor/Terascale in expectation of a future business relationship." *Id.* Nowhere do the plaintiffs state any facts that support the contention that they handed over the algorithms or worked on the demonstration with the understanding they were to be paid—the expectation was clearly that if the demonstration went well at the EAGE conference, this might lead to a future business arrangement between the parties. Therefore, the quantum meruit claim is dismissed.

### d. Unjust Enrichment

██ The JOA defendants also contend the unjust enrichment claim should be dismissed because it is barred by the statute of limitations. Dkt. 28 at 12. This case was filed January 29, 2010, in state court, more than two years after plaintiffs stopped providing JOA Software with any materials or services. *Id.* Plaintiffs, however, contend that the statute of limitations should not start until the date they discovered that JOA Software had allegedly used their proprietary information, which did not occur until March, 2009, when they read an article in Offshore Magazine, which had been published in November, 2008. Dkt. 41 at 11.

 A party may recover under an unjust enrichment theory when one person has obtained a benefit from another through fraud, duress, or the taking of an undue advantage. *See Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). Unjust enrichment is governed by a two-year statute of limitations.

---

**2.** In *Vortt,* the Texas Supreme Court was specifically addressing another element of the quantum meruit claim, whether the defendant had reasonable notice the plaintiff expected to be paid. *Vortt,* 787 S.W.2d at 945 (Tex.1990). It is not clear, therefore, whether the facts of that case, in which the parties had been in negotiations for over four years, distinguish it from the general rule that quantum meruit cannot be based on a future business opportunity.

*HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 885 (Tex.1998). In determining when a claim for unjust enrichment accrues, Texas follows the "legal injury" test. *Mayo v. Hartford Life Ins. Co.,* 354 F.3d 400, 410 (5th Cir.2004). Under the legal injury test, "a cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Id.* (quoting *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 514 (Tex.1998)).

The court need not reach the issue of whether the discovery rule applies to a claim of unjust enrichment. Based upon their complaint, plaintiffs allege that JOA Software was unjustly enriched by fraudulently taking plaintiffs' ideas and incorporating them into its own software. Dkt. 12 at 17–18. Although the parties ended their relationship in September, 2007, this arguably cannot be the date at which the legal injury occurred because, up to that point, the plaintiffs had voluntarily disclosed the algorithms to JOA Software for use in the EAGE demonstration and to further their business relationship. It could logically only be after this date that JOA Software could have fraudulently taken and incorporated the plaintiffs' algorithms into their own software. This would have occurred sometime between September, 2007, and November, 2008, when the article appeared in Offshore Magazine. Dkt. 12 at 11. As statute of limitations is an affirmative defense, the JOA defendants must prove that plaintiffs have set forth no plausible claim for unjust enrichment. The JOA defendants, however, have failed to show that the injury definitively occurred more than two years before this case was filed on January 29, 2010. The unjust enrichment claim, therefore, survives the motion to dismiss.

### e. Breach of Fiduciary Duty

■■■■ Lastly, the JOA defendants move to dismiss the breach of fiduciary claim against JOA Software. Dkt. 28 at 12. Plaintiffs do not allege they were in a fiduciary relationship with JOA Software; rather, they allege that they were in a fiduciary relationship with Lee Taylor and JOA Software knowingly participated in the breach of this relationship. Dkt. 12 at 18. Under Texas law, to assert a claim for knowing participation in a breach of fiduciary duty, a plaintiff must show: "(1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware it was participating in the breach of that fiduciary relationship." *Meadows v. Hartford Life Ins. Co.,* 492 F.3d 634, 639 (5th Cir.2007) (citations omitted). Plaintiffs allege the existence of a fiduciary duty between Taylor and themselves because "the two decided to be partners on the development of the GeoMatriX project." Dkt. 12 at 5.

■■■ Partners in a general partnership owe each other a fiduciary duty. *See Brazosport Bank of Tex. v. Oak Park Townhouses,* 889 S.W.2d 676, 683 (Tex.App.-Houston [14th] 1994, writ denied). However, in the present case, plaintiffs have offered nothing except conclusory statements to show that a partnership existed between Taylor and themselves. This is insufficient to demonstrate that a fiduciary duty existed. Therefore, the breach of fiduciary duty claim against JOA Software is dismissed.

In sum, the JOA defendants' motion to dismiss with respect to defendants JOA Oil and Gas LLC and Jewelsuite.com, LLC, and the quantum meruit and breach of fiduciary duty claims against JOA Software is granted. The motion is denied, however, with respect to the fraud, misap-

propriation of trade secrets, and unjust enrichment claims.

### 3. Terascale/Taylor's Motion to Dismiss

Taylor and Terascale (collectively Taylor/Terascale) move to dismiss plaintiffs' claims of fraud, misappropriation of trade secrets, quantum meruit, unjust enrichment, and breach of fiduciary duty. Dkt. 30.

#### a. Fraud

■ Taylor/Terascale argue the fraud claim should be dismissed because it fails to satisfy the pleading standard of Rule 9(b). In their complaint, plaintiffs allege Taylor/Terascale committed fraud when they sent an email to plaintiffs on September 5, 2007, stating they were no longer interested in pursuing GeoMatriX. Dkt. 12 at 21. Later that week, Taylor/Terascale had at least one phone call with plaintiffs in which they assured them they would keep GeoMatriX confidential and would destroy the plaintiffs' algorithms. *Id.* Plaintiffs assert these statements were false because Taylor/Terascale knew they were going to continue working with JOA Software on the geomechanics program. *Id.* And, as a result of these statements, plaintiffs were injured because they did not pursue their legal options, including a lawsuit for injunctive or monetary relief. *Id.* These statements, however, fail to specifically name the speaker on the phone calls and the sender of the email. Nor do the plaintiffs show how they were injured by these statements. Therefore, the fraud claim fails to meet the particularity requirements of Rule 9(b). Plaintiffs, however, are granted leave to amend this claim.

#### b. Misappropriation of Trade Secrets

Taylor/Terascale move to dismiss the misappropriation of trade secrets claim against them for the same reason that the JOA defendants asked for the claim to be dismissed—because plaintiffs failed to plead how Taylor/Terascale used the trade secret. Dkt. 30 at 6. Plaintiffs, however, allege in their complaint that Taylor/Terascale profited from the incorporation of the GeoMatriX algorithm into the Jewelsuite software. Dkt. 12 at 23. Therefore, for the same reasons the JOA defendants' motion to dismiss with respect to this claim is denied, Taylor/Terascale's motion to dismiss is also denied.

#### c. Quantum Meruit

Plaintiffs claim for quantum meruit against Taylor/Terascale mirrors the claim against JOA Software. For the same reasons the JOA defendants' motion to dismiss on this claim is granted, Taylor/Terascale's motion to dismiss this claim is also granted.

#### d. Unjust Enrichment

Taylor/Terascale also argue that the unjust enrichment claim against them should be dismissed because it is barred by the two year statute of limitations. Dkt. 30 at 9. The court also adopts in its entirety its reasoning in denying the JOA defendants' motion to dismiss the unjust enrichment claim and, therefore, Taylor/Terascale's motion is also denied.

#### e. Breach of Fiduciary Duty

Taylor/Terascale move to dismiss the breach of fiduciary duty claim because plaintiffs have failed to show such a duty existed between the parties. Dkt. 30 at 6–7. For the reasons stated above, plaintiffs have failed to sufficiently allege that the parties were in a formal partnership arrangement and were thus in a fiduciary relationship. Thus, the motion to dismiss is granted with respect to this claim.

In sum, Taylor/Terascale's motion to dismiss with respect to the quantum meruit and breach of fiduciary duty claims is granted. The motion is denied with re-

spect to the fraud, misappropriation of trade secrets, and unjust enrichment claims. Additionally, plaintiffs are granted to leave to amend their fraud claim against Taylor/Terascale.

## B. Motion for Leave to Amend

 Plaintiffs ask the court for leave to file a second amended complaint in order to add new parties before the deadline set in the docket control order and to amend their pleadings against defendant Bob Rundle in accordance with this court's order of June 30, 2010 (Dkt. 49). Dkt. 50. The defendants oppose the motion to amend to the extent it does more than amend the pleadings against Rundle. Dkts. 52, 53. After a party's time to amend his complaint has passed, he may only amend with written consent of the other party or leave of the court. FED. R. CIV. P. 15(a). A presumption in favor of amendment underlies the rule governing amendments and affords the court broad discretion in granting leave to amend. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir.2003). A motion for leave to amend should not be denied unless there is undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; or undue prejudice to the opposing party. *Id.*

In addition to the amendments against Rundle, plaintiffs seek to add two new parties to their complaint: JOA Oil & Gas, B.V., the JOA defendants' parent company in the Netherlands, and Anatech, Corp. ("Anatech"), a California corporation, which Taylor/Terascale became a part of in January, 2007. Plaintiffs seek to bring the same causes of action against the new parties that they currently bring against the other defendants, namely: fraud, misappropriation of trade secrets, quantum meruit, unjust enrichment, and breach of fiduciary duty (the last brought against

JOA Oil and Gas, B.V. only). *See* Dkt. 50. In their responses, defendants argue that plaintiffs' proposed second amended complaint does more than add new parties, it also substantively amends the allegations against the existing defendants. Dkt. 52 at 1. Furthermore, there are substantial reasons to deny leave to amend, namely: (1) plaintiffs' use of dilatory tactics; (2) the amendments are brought after an undue delay; (3) the defendants would be prejudiced by the amendments; and (4) the amendments are futile. Dkt. 52 at 3.

As an initial matter, the court does not agree that second amended complaint alters the substantive allegations against the existing defendants. Examining the redline document provided by the JOA defendants, which highlights the changes between the first amended complaint and the second amended complaint, shows only minor differences—a comma here and there and the correction of some misspellings. *See* Dkt. 52, Ex. 1. The remainder of the objections are discussed in turn.

### 1. Plaintiffs' Dilatory Tactics

 Defendants argue that plaintiffs have had all the information about this case months ago and therefore their delay in bringing this motion to amend is unexcused. Dkt. 52 at 4. Specifically, defendants contend that plaintiffs waited until multiple motions to dismiss were filed and seek leave to amend only to avoid having their case dismissed. *Id.* at 6. Plaintiffs, however, aver that they agree that the court should rule on the outstanding motions to dismiss and did not request leave to amend to avoid having their case dismissed—in fact they left the allegations against the current defendants unchanged for this exact purpose. Dkt. 55 at 2. In light of the fact that the court has ruled on the motions to dismiss, supra, defendants' arguments on this point are unpersuasive.

### 2. Undue Delay

 Defendants argue that there is no reason plaintiffs did not add the new parties earlier, since plaintiffs have known about both JOA Oil & Gas, B.V. and Anatech for several months. Dkt. 52 at 9. In response, plaintiffs contend that the timing of naming these new parties makes sense and is within the deadline set by the docket control order. Dkt. 55 at 3. Plaintiffs filed this suit in state court and defendants removed the case to federal court. Plaintiffs then filed a motion to remand the case back to state court, during which time plaintiffs sought to limit their actions in federal court in order to avoid waiving remand. *Id.* Additionally, their first amended complaint was filed only to conform their pleadings to federal pleading standards. *Id.* Lastly, the parties filed their Joint Case Management Plan on May 7, 2010, at which time plaintiffs notified defendants they planned to add JOA Oil & Gas, B.V. and Anatech as parties should the case remain in federal court, and they have sought to do so by the deadline indicated in the docket control order. *Id.* at 4. In light of this explanation from the plaintiffs, the plaintiffs have not filed the motion to amend after an undue delay.

### 3. Prejudice to Defendants

 Defendants further argue that by allowing plaintiffs to file their second amended complaint, new motions to dismiss will need to be filed by the existing defendants and new parties will need to be served and given time to file responsive motions, thereby prejudicing the existing defendants. Dkt. 52 at 9. This argument is also unavailing. The court has ruled on the existing motions to dismiss in this same order, thereby mooting this portion of the defendants' argument. Additionally, giving the new parties time to file responsive pleadings will not materially alter the remaining deadlines in this case as it

was only brought to federal court in March, 2010.

### 4. Futility of the Proposed Amendments

Lastly, defendants argue that plaintiffs' motion for leave to amend should be denied because the proposed amendments would be futile. Dkt. 52 at 9. Specifically, the proposed second complaint does not fix any of the defects in the plaintiffs' first amended complaint. *Id.*

 An amendment is futile if it would not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Landavazo v. Toro Co.,* 301 Fed.Appx. 333, 337 (5th Cir. 2008). Plaintiffs' second amended complaint adds JOA Oil & Gas, B.V. and Anatech, bringing the same causes of action against them as they currently bring against the existing defendants. In reviewing the proposed complaint, the same deficiencies the court found in the first amended complaint also exist in the second amended complaint, namely: (1) the breach of fiduciary claim against JOA Oil & Gas, B.V. cannot survive a motion to dismiss because there is no plausible claim for a fiduciary relationship between any of the parties; (2) the quantum meruit claim against both JOA Oil & Gas, B.V. and Anatech cannot survive because it is based on a future business opportunity; and (3) the fraud claim against Anatech does not meet the pleading requirements of Rule 9(b). However, it would not be futile to allow plaintiffs to amend their complaint to bring the fraud claim against JOA Oil and Gas, B.V., the misappropriation of trade secrets claim against both JOA Oil & Gas, B.V. and Anatech, and the unjust enrichment claim against both JOA Oil & Gas, B.V. and Anatech. Additionally, plaintiffs are granted leave to amend the fraud

claim against Anatech to conform to the particularity requirements of Rule 9(b).

In sum, the motion for leave to file a second amended complaint is granted in part and denied in part. Plaintiffs are granted leave to file an amended complaint bringing claims of fraud, misappropriation of trade secrets, and unjust enrichment against JOA Oil & Gas, B.V. and Anatech.

### CONCLUSION

For the reasons states above, the JOA defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendants JOA Oil and Gas LLC and Jewelsuite.com, LLC are dismissed from the case, and the quantum meruit and breach of fiduciary claims against JOA Software are dismissed. Additionally, Taylor/Terascale's motion to dismiss is GRANTED IN PART and DENIED IN PART. Specifically, the quantum meruit and breach of fiduciary claims against Taylor/Terascale are dismissed and plaintiffs are granted leave to amend the fraud claim. Lastly, plaintiffs' motion for leave to file their second amended complaint is GRANTED IN PART and DENIED IN PART. Plaintiffs are granted leave to file an amended complaint bringing claims of fraud, misappropriation of trade secrets, and unjust enrichment against JOA Oil & Gas, B.V. and Anatech.